BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street
Suite 1550
Santa Ana, CA  92705-4067
Telephone:   949.863.3363
Facsimile:    949.863.3350

Attorneys for Secured Creditor
Trinity Financial Services, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY

| In re:<br><br>ANGELA FLORES TOLEDO,<br><br>Debtor, | Case No.  1:18-bk-10668-MT<br><br>Chapter Number:  13<br><br>SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CONFIRMATION OF SECOND AMENDED CHAPTER 13 PLAN<br><br>[CONFIRMATION HEARING]<br><br>DATE:  10/23/18<br>TIME:   9:30 am<br>ROOM:  100 |
|---|---|

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby objects to confirmation of the Debtor's proposed Second Amended Chapter 13 Plan [Docket No. 40] (the "Plan") in the above-referenced matter.  This objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.  In support of its Objection, Trinity respectfully states as follows:

**I.    INTRODUCTION**

Despite filing multiple amended Chapter 13 Plans in this case, the Debtor still fails to address the basic issues preventing confirmation of the Plan.  The Debtor schedules $2,400 a month in income from rent contributors, yet she has filed nothing to support her claim that they

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-8337-6759 v1
06836-0113

- 1 -

OBJECTION TO CONFIRMATION OF THE
SECOND AMENDED CHAPTER 13 PLAN

are willing and able to fund the Plan for the required Plan period. For the reasons set forth herein, the Court should deny confirmation of the Plan and dismiss this case.

**II.    ARGUMENT**

1. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. *In re Craig,* 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing *In re Anderson*, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

2. "The Debtor bears the burden of proof in establishing his ability to make the payments needed under the plan, and must provide sufficient factual basis for the Court to determine both the regularity and stability of his income." *In re Porter*, 276 B.R. 32, 38 (Bankr. D. Mass. 2002).

3. Chapter 13 plans that require contributions from non-debtors to achieve feasibility are "disfavored." *In re Deutsch*, 529 B.R. 308, 312 (Bankr. C.D. Cal. 2015) (denying confirmation of a plan relying on contributions by the debtor's cohabiting significant other). In general, to approve a plan calling for family contributions, courts require "a firm commitment by the family member to make the contributions and a long and undisputed history of providing for the debtor." *In re Mercer*, No. 2:14-BK-31175-TD, 2015 WL 5735810, at *1 (Bankr. C.D. Cal. Sept. 29, 2015). Courts have also observed that, "as a general proposition, gratuitous payments to a debtor by his relatives do not constitute regular income." *In re Campbell,* 38 B.R. 193, 196 (Bankr. E.D.N.Y. 1984). A court may permit exceptions where the contributions come from a non-debtor spouse, pursuant to a contractual or legal obligation, or where there has been a history of regular payments. *Id.*

4. In this case, none of the exceptions apply. The Debtor has not provided sufficient evidence that her Chapter 13 Plan is feasible. There are no declarations on file from the Plan contributors explaining who they are, how long they have contributed funds to the Debtor, how

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4850-8337-6759 v1
06836-0113

- 2 -

OBJECTION TO CONFIRMATION OF THE
SECOND AMENDED CHAPTER 13 PLAN

1  they manage to afford the payments, or whether they plan to continue. The haphazard expense
2  schedules the Debtor filed—including such figures as $200 a month for food and housekeeping,
3  $50 for transportation, and $0 for *most* expense categories—show that the Debtor's schedules
4  have little or no truth to them. Creditors need more evidence as to the feasibility of the Plan and
5  the consistency of the Debtor's income. The Debtor may not simply make up numbers as she
6  goes along. *See In re Antoine,* 208 B.R. 17, 19 (Bankr. E.D.N.Y. 1997) (contributions by family
7  members do not, as a general rule, constitute regular income, and confirmation has been denied to
8  plans premised on such payments to the debtor where there was no history of such payments and
9  they were only promised on as "as needed" basis).

10  5.  Based only on the filed income schedules, the Debtor has submitted no evidence of
11  the required "long and undisputed history of providing for the debtor." *In re Mercer*, 2015 WL
12  5735810, at *1. Further, Debtor's counsel recently emailed counsel for Trinity to state that the
13  Debtor "has not filed tax returns for over 10 years." *See* **Exhibit 1**. This admission by counsel is
14  strong evidence that the Debtor in fact does not receive regular rent in the amount of $2,400 a
15  month in order to fund the Plan.

16  6.  Because the Debtor has not provided any evidence of the feasibility of her Plan,
17  which relies entirely on hoped-for gratuitous contributions, confirmation should be denied and the
18  case either dismissed or converted to Chapter 7. *See In re Porter*, 276 B.R. at 38 ("this Court,
19  along with many others to have considered this issue, will always be reluctant to confirm a
20  Chapter 13 plan, whose feasibility depends so significantly upon contributions from family
21  members of a debtor, and where no legally binding obligation currently exists").

23  ///

25  ///

27  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-8337-6759 v1
06836-0113

- 3 -

OBJECTION TO CONFIRMATION OF THE
SECOND AMENDED CHAPTER 13 PLAN

### III. CONCLUSION

The Debtor has not submitted any evidence of the feasibility of her Plan. Trinity submits that denial of confirmation is appropriate. If the Court is not inclined to dismiss this case, Trinity respectfully requests that the Plan not be confirmed as proposed.

Dated: October 9, 2018                    BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Rafael Garcia
    Richard J. Reynolds
    Rafael R. Garcia-Salgado
    Attorneys for Creditor
    TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-8337-6759 v1
06836-0113

- 4 -

OBJECTION TO CONFIRMATION OF THE
SECOND AMENDED CHAPTER 13 PLAN

# Exhibit 1

| | |
|---|---|
| **From:** | Luke Jackson <luke@voklaw.com> |
| **Sent:** | Tuesday, May 01, 2018 5:27 PM |
| **To:** | Garcia-Salgado, Rafael R.; 'N. Stephen Vokshori' |
| **Subject:** | RE: Angela Flores Toledo, CACB 1:18-bk-10668-MT |

Debtor is low-income and survives on government benefits, and therefore has not filed tax returns for over 10 years.

**Luke D. Jackson, Esq.** | V㎝KSHORI L㎝W G㎝OUP | (213) 986-4323 | luke@voklaw.com

**From:** Garcia-Salgado, Rafael R. [mailto:RGarcia@bwslaw.com]
**Sent:** Tuesday, May 01, 2018 4:48 PM
**To:** N. Stephen Vokshori
**Cc:** luke@voklaw.com
**Subject:** RE: Angela Flores Toledo, CACB 1:18-bk-10668-MT

You have a statutory duty to do so if asked under Section 521.

**Rafael R. Garcia-Salgado** | Associate
1851 East First Street, Suite 1550 | Santa Ana, CA  92705-4067
d - 949.265.3413 | t - 949.863.3363 | f - 949.863.3350
rgarcia@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** N. Stephen Vokshori [mailto:stephen@voklaw.com]
**Sent:** Tuesday, May 01, 2018 4:47 PM
**To:** Garcia-Salgado, Rafael R.
**Cc:** luke@voklaw.com
**Subject:** RE: Angela Flores Toledo, CACB 1:18-bk-10668-MT

Great, glad you found it. Why are we sending you tax returns again?

**N. Stephen Vokshori** | V㎝KSHORI L㎝W G㎝OUP | (213) 986-4323 | stephen@voklaw.com

**From:** Garcia-Salgado, Rafael R. [mailto:RGarcia@bwslaw.com]
**Sent:** Tuesday, May 1, 2018 4:46 PM
**To:** stephen@voklaw.com
**Cc:** luke@voklaw.com
**Subject:** RE: Angela Flores Toledo, CACB 1:18-bk-10668-MT

Oh, I see Luke Jackson sent me the appraisal. Please send tax returns. Thanks.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**

A true and correct copy of the foregoing document entitled (*specify*):
**CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED CHAPTER 13 PLAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/9/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Rafael R Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Gina Hiatt    gina.hiatt@spservicing.com
- Luke Jackson    bankruptcy@voklaw.com, VokshoriSR75477@notify.bestcase.com;voklaw@ecf.courtdrive.com
- Nancy L Lee    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- Kelsey X Luu    ecfcacb@aldridgepite.com, kluu@ecf.inforuptcy.com
- Richard J Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Nima S Vokshori    stephen@voklaw.com, voklaw@gmail.com;bankruptcy@voklaw.com;vokshorisr75477@notify.bestcase.com;voklaw@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/9/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor:<br>**Angela Flores Toledo**<br>13536 Beaver St.<br>Sylmar, CA 91342 | Judge:<br>**Honorable Maureen A. Tighe**<br>United States Bankruptcy Court<br>Central District of California<br>21041 Burbank Boulevard, Suite 324<br>Woodland Hills, CA 91367 |
|---|---|

☐ Service information continued on attached page

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4850-8337-6759 v1
06836-0113

- 5 -

OBJECTION TO CONFIRMATION OF THE SECOND AMENDED CHAPTER 13 PLAN

1  **3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **10/9/18** | Bernadette C. Antle | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4850-8337-6759 v1
06836-0113

- 6 -

OBJECTION TO CONFIRMATION OF THE
SECOND AMENDED CHAPTER 13 PLAN