BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street
Suite 1550
Santa Ana, CA  92705-4067
Telephone:   949.863.3363
Facsimile:    949.863.3350

Attorneys for Secured Creditor
Trinity Financial Services, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY

| | |
|---|---|
| In re:<br><br>ANGELA FLORES TOLEDO,<br><br>         Debtor, | Case No.  1:18-bk-10668-MT<br><br>Chapter Number:  13<br><br>SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CONFIRMATION OF THIRD AMENDED CHAPTER 13 PLAN<br><br>DATE:  11/27/18<br>TIME:   9:30 am<br>ROOM:  100 |

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby objects to confirmation of the Debtor's proposed Third Amended Chapter 13 Plan [Docket Nos. 50 and 51] (the "Plan") in the above-referenced matter.  This objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.  In support of its Objection, Trinity respectfully states as follows:

**I.      INTRODUCTION**

Despite filing multiple amended Chapter 13 Plans in this case, the Debtor still fails to address the basic issues preventing confirmation of the Plan.  The Debtor schedules $2,400 a month in income from rent contributors, yet she has never filed tax returns on account of such income.  The Debtor's network of contributions is also allegedly the product of four different sets

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4815-1328-7801 v1
06836-0113

- 1 -

OBJECTION TO CONFIRMATION OF THE
THIRD AMENDED CHAPTER 13 PLAN

of families financially contributing to the Debtor—though only *one* of the Debtor's relatives who signed a contribution letter is actually employed. Given that the Debtor's entire income is dependent on contributions, this case is wholly infeasible. For the reasons set forth herein, the Court should deny confirmation of the Plan and dismiss this case.

## II. STATEMENT OF FACTS

1. At the October 23, 2018 confirmation hearing in this case, the Court ordered the Debtor to produce evidence of her plan contributors' commitment of income.

2. Debtor's counsel emailed Trinity's counsel with contribution letters from three individuals. None of the three contributors is employed  Only one of the plan contributors, the Debtor's brother, submitted evidence of regular income—in the form of disability payments. The brother claims to contribute $600 a month in rent to the Debtor. However, the disability paystubs Debtor's counsel submitted indicated the brother received only $1,242 in net income a month.

3. The Debtor's other two plan contributors purport to commit $1,000 and $800 a month each, but are actually unemployed. Their employed partners signed no contribution letters.

4. The partner of the $1,000/month plan contributor submitted paystubs showing net income of $469.33 a week. Thus, this breadwinner earns $1,877.32 a month, yet claims to spend more than half of net income on rent for the Debtor.

5. A fourth family lives at the subject property as well, apparently without the Debtor reporting any contribution income from them.

6. None of the contribution letters the Debtor submitted were signed under penalty of perjury.

## III. ARGUMENT

7. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. *In re Craig,* 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing *In re Anderson*, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4815-1328-7801 v1
06836-0113

- 2 -

OBJECTION TO CONFIRMATION OF THE THIRD AMENDED CHAPTER 13 PLAN

9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**A.     The Plan is Not Feasible for Relying Entirely on Contribution Income**

8.     "The Debtor bears the burden of proof in establishing his ability to make the payments needed under the plan, and must provide sufficient factual basis for the Court to determine both the regularity and stability of his income." *In re Porter*, 276 B.R. 32, 38 (Bankr. D. Mass. 2002).

9.     For Chapter 13 plans, "[r]eliance on contributions from family is disfavored." *In re Deutsch*, 529 B.R. 308, 312 (Bankr. C.D. Cal. 2015) (denying confirmation of a plan relying on contributions by the debtor's cohabiting significant other). In general, to approve a plan calling for family contributions, courts require "a firm commitment by the family member to make the contributions and a long and undisputed history of providing for the debtor." *In re Mercer*, No. 2:14-BK-31175-TD, 2015 WL 5735810, at *1 (Bankr. C.D. Cal. Sept. 29, 2015). Courts have also observed that, "as a general proposition, gratuitous payments to a debtor by his relatives do not constitute regular income." *In re Campbell,* 38 B.R. 193, 196 (Bankr. E.D.N.Y. 1984). A court may permit exceptions where the contributions come from a non-debtor spouse, pursuant to a contractual or legal obligation, or where there has been a history of regular payments. *Id.*

10.     In this case, none of the exceptions apply. The Debtor has not provided sufficient evidence that her Chapter 13 Plan is feasible. Only one of the Debtor's three plan contributors is employed, and he contributes only one-fourth of the Debtor's purported rental income. Further, none of the Debtor's contribution letters were executed under the penalty of perjury. Nor are there are any declarations on file from the employed individuals living at the subject property explaining who they are, how long they have contributed funds to the Debtor, how they manage to afford the payments, or whether they plan to continue. Furthermore, the Debtor only submitted two weeks of paystubs for the contributors, ranging from the months of July 2018 and August 2018. There are no current paystubs, nor has the Debtor provided paystubs going back one (1) year or even six (6) months to establish steady ongoing employment.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4815-1328-7801 v1
06836-0113

- 3 -

OBJECTION TO CONFIRMATION OF THE
THIRD AMENDED CHAPTER 13 PLAN

**B.    The Plan is Not Feasible Because the Debtor Has No Regular Income**

11.    To be eligible for Chapter 13 relief, the Debtor must be an "individual with regular income." 11 U.S.C. § 109(e).  The Code defines this term as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13." *Id.* § 101(30).

12.    Here, Debtor's counsel recently emailed counsel for Trinity to state that the Debtor "has not filed tax returns for over 10 years." *See* **Exhibit 1**.  This admission by counsel is strong evidence that the Debtor in fact does not receive regular rent in the amount of $2,400 a month in order to fund the Plan.

13.    Furthermore, the haphazard expense schedules the Debtor filed—including such figures as $200 a month for food and housekeeping, $50 for transportation, $0 for home maintenance and repair, $0 for communications, $0 for medical expenses, $0 for insurance, $0 for entertainment, and indeed, $0 for *most* expense categories—show that the Debtor's schedules have little or no truth to them.

14.    Creditors need more evidence as to the feasibility of the Plan and the consistency of the Debtor's income.  The Debtor may not simply make up numbers as she goes along.  *See In re Antoine,* 208 B.R. 17, 19 (Bankr. E.D.N.Y. 1997) (contributions by family members do not, as a general rule, constitute regular income, and confirmation has been denied to plans premised on such payments).

15.    Based on the filed income schedules and the evidence submitted to the trustee and Trinity, the Debtor has submitted no evidence of the required "long and undisputed history of providing for the debtor." *In re Mercer*, 2015 WL 5735810, at *1.  The Debtor's plan contributors are all unemployed.  There is no commitment from the employed individuals living at the Debtor's residence to contribute to the Plan.  Additionally, even assuming the contributions have historically been made, the contributors' employed partners are spending approximately half of their income on rent for the Debtor, which is unsustainable.

16.    Because the Debtor has not provided any evidence of the feasibility of her Plan, which relies entirely on hoped-for gratuitous contributions, confirmation should be denied and the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4815-1328-7801 v1
06836-0113

- 4 -

OBJECTION TO CONFIRMATION OF THE
THIRD AMENDED CHAPTER 13 PLAN

case either dismissed or converted to Chapter 7.  *See In re Porter*, 276 B.R. at 38 ("this Court, along with many others to have considered this issue, will always be reluctant to confirm a Chapter 13 plan, whose feasibility depends so significantly upon contributions from family members of a debtor, and where no legally binding obligation currently exists").

## IV.    CONCLUSION

The Debtor has not submitted sufficient evidence of the feasibility of her Plan.  Trinity submits that dismissal of this case is appropriate.  If the Court is not inclined to dismiss this case, Trinity respectfully requests that the Plan not be confirmed as proposed.

Dated:  November 8, 2018            BURKE, WILLIAMS & SORENSEN, LLP

By: _____
    Richard J. Reynolds
    Rafael R. Garcia-Salgado
    Attorneys for Creditor
    TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4815-1328-7801 v1
06836-0113

- 5 -

OBJECTION TO CONFIRMATION OF THE
THIRD AMENDED CHAPTER 13 PLAN

# Exhibit 1

| | |
|---|---|
| **From:** | Luke Jackson <luke@voklaw.com> |
| **Sent:** | Tuesday, May 01, 2018 5:27 PM |
| **To:** | Garcia-Salgado, Rafael R.; 'N. Stephen Vokshori' |
| **Subject:** | RE: Angela Flores Toledo, CACB 1:18-bk-10668-MT |

Debtor is low-income and survives on government benefits, and therefore has not filed tax returns for over 10 years.

**Luke D. Jackson, Esq.** | V<small>OKSHORI</small> L<small>AW</small> G<small>ROUP</small> | (213) 986-4323 | luke@voklaw.com

**From:** Garcia-Salgado, Rafael R. [mailto:RGarcia@bwslaw.com]
**Sent:** Tuesday, May 01, 2018 4:48 PM
**To:** N. Stephen Vokshori
**Cc:** luke@voklaw.com
**Subject:** RE: Angela Flores Toledo, CACB 1:18-bk-10668-MT

You have a statutory duty to do so if asked under Section 521.

**Rafael R. Garcia-Salgado** | **Associate**
1851 East First Street, Suite 1550 | Santa Ana, CA  92705-4067
d - 949.265.3413 | t - 949.863.3363 | f - 949.863.3350
rgarcia@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** N. Stephen Vokshori [mailto:stephen@voklaw.com]
**Sent:** Tuesday, May 01, 2018 4:47 PM
**To:** Garcia-Salgado, Rafael R.
**Cc:** luke@voklaw.com
**Subject:** RE: Angela Flores Toledo, CACB 1:18-bk-10668-MT

Great, glad you found it. Why are we sending you tax returns again?

**N. Stephen Vokshori** | V<small>OKSHORI</small> L<small>AW</small> G<small>ROUP</small> | (213) 986-4323 | stephen@voklaw.com

**From:** Garcia-Salgado, Rafael R. [mailto:RGarcia@bwslaw.com]
**Sent:** Tuesday, May 1, 2018 4:46 PM
**To:** stephen@voklaw.com
**Cc:** luke@voklaw.com
**Subject:** RE: Angela Flores Toledo, CACB 1:18-bk-10668-MT

Oh, I see Luke Jackson sent me the appraisal. Please send tax returns. Thanks.

1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **1851 East First Street, Suite 1550, Santa Ana, California  92705-4067**

A true and correct copy of the foregoing document entitled (*specify*):
**CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/08/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Rafael R Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Gina Hiatt    gina.hiatt@spservicing.com
- Luke Jackson    bankruptcy@voklaw.com, VokshoriSR75477@notify.bestcase.com;voklaw@ecf.courtdrive.com
- Nancy L Lee    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- Kelsey X Luu    ecfcacb@aldridgepite.com, kluu@ecf.inforuptcy.com
- Richard J Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Nima S Vokshori    stephen@voklaw.com, voklaw@gmail.com;bankruptcy@voklaw.com;vokshorisr75477@notify.bestcase.com;voklaw@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **11/08/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor:<br>**Angela Flores Toledo**<br>13536 Beaver St.<br>Sylmar, CA 91342 | Judge:<br>**Honorable Maureen A. Tighe**<br>United States Bankruptcy Court<br>Central District of California<br>21041 Burbank Boulevard, Suite 324<br>Woodland Hills, CA 91367 |
|---|---|

☐ Service information continued on attached page

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4815-1328-7801 v1
06836-0113

- 6 -

OBJECTION TO CONFIRMATION OF THE THIRD AMENDED CHAPTER 13 PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **11/08/18** | Bernadette C. Antle | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4815-1328-7801 v1
06836-0113

- 7 -

OBJECTION TO CONFIRMATION OF THE THIRD AMENDED CHAPTER 13 PLAN